# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

ALBERT V. MEDLIN,

    Plaintiff,

v.

SCOTT R. DONOVAN,

    Defendant.

CIVIL ACTION NO.: 2:15-cv-123

## **O R D E R**

This matter is before the Court on the parties' Rule 26(f) Report. (Doc. 14.) In their September 29, 2015 Rule 26(f) Report, the parties submit that the entire action be stayed until after a ruling by the Court on Defendant's Motion to Substitute Party (doc. 4) and Defendant's Motion to Dismiss (doc. 6). Id. After careful consideration, the parties' request for a stay of this case is **GRANTED**.

With regard to the timing of discovery, the Court of Appeals for the Eleventh Circuit has recognized that

> [i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) (footnotes omitted). For these reasons, this Court, and other courts within the Eleventh Circuit, routinely find good cause to stay the discovery period where there is a pending motion to dismiss. See, e.g., Habib v. Bank of Am. Corp., No. 1:10-cv-04079-SCJ-RGV, 2011 WL 2580971, at *6 n.4 (N.D. Ga.

Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties."); Berry v. Canady, No. 2:09-cv-765-FtM-29SPC, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005)) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].").

In the case at hand, the Court finds that good cause exists to stay this case until such time as a ruling is made on Defendant's motions and that no prejudice will accrue to the parties if a stay is granted. Specifically, a ruling on Defendant's Motion to Dismiss before the commencement of discovery may save the parties time and resources by clarifying what issues the parties will need to address in discovery.

THEREFORE, IT IS HEREBY ORDERED that discovery, and all other deadlines, shall be stayed pending a resolution of Defendant's Motion to Substitute Party and Motion to Dismiss. The parties shall exchange Rule 26(a)(1) Initial Disclosures **within fourteen (14) days** of the Court's ruling on Defendant's Motions. Additionally, the parties shall meet, confer and file a supplemental Rule 26(f) Report **within twenty-one (21) days** of the Court's ruling on Defendant's Motions. Upon receipt of the Rule 26(f) Report, the Court will enter the appropriate scheduling order.

**SO ORDERED**, this 16th day of October, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA